IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:21-CV-154-DCK

| | |
|---|---|
| OPAL LEEANN MOORE, ) ) Plaintiff, ) ) v. ) ) KILOLO KIJAKAZI, ) Acting Commissioner of Social Security, ) ) Defendant. ) ) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 10) and the "Commissioner's Motion For Summary Judgment" (Document No. 12). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

### BACKGROUND

Plaintiff Opal Leeann Moore ("Plaintiff" or "Moore"), through counsel, seeks judicial review of an unfavorable administrative decision on an application for disability benefits. (Document No. 1). Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") on or about July 10, 2019, under Title II of the Social Security Act, 42 U.S.C. § 405, and on or about June 12, 2019, for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, both alleging an inability to work due to a disabling condition beginning July 1, 2009. (Transcript of the Record of Proceedings ("Tr.") 11). Plaintiff later

amended her alleged onset of disability date to July 10, 2019, and waived her claim for Title II benefits. (Tr. 12, 247); see also (Document No. 11, p. 1).

The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on February 13, 2020, and again after reconsideration on or about August 21, 2020. (Tr. 12). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you are disabled because of diabetes, neuropathy, high cholesterol, anxiety, depression, hypertension, acid reflux, migraines, and diabetic ketoacidosis.
> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 154, 159).

Plaintiff filed a timely written request for a hearing on October 22, 2020. (Tr. 11, 164). On February 18, 2021, Plaintiff appeared and testified at a telephonic hearing before Administrative Law Judge Darrell Fun (the "ALJ"). (Tr. 32-64). In addition, Jeff Cockrum, a vocational expert ("VE"), and Aaron L. Dalton, Plaintiff's attorney, appeared at the hearing. (Tr. 11, 32-64, 222).

The ALJ issued an unfavorable decision on April 16, 2021, denying Plaintiff's claim. (Tr. 11-25). On or about June 1, 2021, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on August 31, 2021. (Tr. 1, 223-224). The ALJ's decision

became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request.  (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on October 7, 2021.  (Document No. 1).  The parties consented to Magistrate Judge jurisdiction on February 2, 2022, and this case was reassigned to the undersigned as presiding judge. (Document No. 9).

Plaintiff's "Motion For Summary Judgment" (Document No. 10) and "Plaintiff's Memorandum In Support Of Summary Judgment" (Document No. 11) were filed March 11, 2022; and the "Commissioner's Motion For Summary Judgment" (Document No. 12) and "Memorandum In Support Of Defendant's Motion For Judgment On The Pleadings" (Document No. 13) were filed May 6, 2022.  "Plaintiff's Brief In Reply To The Commissioner's Memorandum" (Document No. 14) was filed on May 12, 2022.

This matter is ripe for review and disposition.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986);  Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir.

2012).  "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence.  Hays, 907 F.2d at 1456;  King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations.");  Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").  Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome.  Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between July 10, 2019, and the date of the ALJ decision.[1]  (Tr. 13).  To establish entitlement to benefits, Plaintiff has the burden of proving disability within the meaning of the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 23-25).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since July 10, 2019, the alleged disability onset date. (Tr. 14). At the second step, the ALJ found that "diabetes mellitus, neuropathy, hypertension, headaches, anxiety, and depression" were severe

impairments.[2] (Tr. 14). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 15).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> she can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. She can frequently balance, stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to bright lights or bright flashing lights. She can tolerate no more than a moderate noise setting, such as in a typical office setting. She must avoid the
> use of handheld vibrating or motorized tools and equipment in the work setting. She must avoid exposure to hazardous work tasks, such as occupational exposures to unprotected heights or automated moving machinery. She is able to respond appropriately to supervision and tolerate no more than occasional interpersonal interaction with co-workers and supervisors and with the public. She is able to remain on task for periods of two hours at a time before a 15-minute break during a workday. She can perform routine and repetitive unskilled work tasks with reasoning development level 2-3 that is not at a production rate pace (such as automated conveyor belt or assembly line type of work). She must avoid work tasks involving crisis intervention or hostile confrontation, such as telephone solicitation, sales or customer service. There must be no more than routine changes in the work setting. She must have the option to change positions from standing or walking to sitting for up to 30 minutes at a time while remaining on task

(Tr. 17-18). In making this finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSR 16-3p." (Tr. 18).

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

At the fourth step, the ALJ held that Plaintiff could not perform past relevant work as a nurse's assistant. (Tr. 23). The ALJ noted that Plaintiff was born on April 10, 1986, and is "defined as a younger individual." Id.

At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 24). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a routing clerk, an assembler, and a document preparer. (Tr. 24). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between July 10, 2019, and the date of his decision, April 16, 2021. (Tr. 24-25).

On appeal to this Court, Plaintiff alleges the ALJ erred by: (1) failing to "follow the regulatory framework set forth in SSR 18-3p and SSR 16-3p when considering medical noncompliance;" and (2) failing to "consider both Plaintiff's financial and psychological ability to adhere to prescribed medical treatment prior to citing noncompliance with treatment as a factor weighing against Plaintiff's credibility and impairment severity." (Document No. 11, p. 4).

The undersigned notes that Plaintiff's arguments are entirely based on the assertion that the ALJ erred by finding her noncompliant with medical treatment. (Document No. 11). This conclusion appears to be based on one paragraph in the ALJ decision, and seems to overstate the ALJ's purported finding. In pertinent part, the ALJ opined that "[w]hile there were indications of noncompliance prior to the amended onset date, she has been ***mostly compliant*** since amended onset date." (Tr. 19) (emphasis added). The ALJ then notes a few instances in the record

indicating that Plaintiff "has had occasions of poor self-monitoring." Id. (citing Tr. 479, 2000, 2052, 2303).

In her first argument, Plaintiff acknowledges that "ALJs are instructed to only proceed with a noncompliance analysis if the ALJ first finds the claimant disabled." (Document No. 11, p. 8) (citing SSR 18-3p; POMS DI 23010.009(A)). Plaintiff then asserts that the "ALJ found Ms. Moore was noncompliant with prescribed treatment," but failed to follow the structure set forth by the regulations for determining noncompliance with prescribed treatment. Id. (citing Tr. 19).

Plaintiff seems to suggest that even though the ALJ found Plaintiff *not* disabled, and found her to be "mostly compliant" during the relevant time period, he erred by not conducting (or explaining) a full analysis pursuant to SSR 18-3p. Id.

In response, Defendant argues that the authority cited by Plaintiff does "not apply to an ALJ's evaluation of a claimant's subjective complaints as a part of the ALJ's RFC determination ... that the claimant is not disabled at step five of the sequential evaluation process." (Document No. 13, p. 7 (citing Smith-Wine v. Commissioner of Social Security, No. 3:20-CV-715-DSC, 2021 WL 5043997, at *3 (W.D.N.C. Oct. 29, 2021) (SSR 18-3p was inapplicable because the ALJ determined that, although the claimant did not always take her medication as prescribed and failed to follow two of her specialists' recommendations, she remained capable of performing a range of light work); Marilyn G.D. v. Commissioner of Social Security, 2022 WL 855684, *8 (D.N.J. Mar. 22, 2022) (no violation of SSR 18-3p where the ALJ merely noted the claimant's noncompliance with prescribed treatment among other medical evidence in determining the claimant's RFC); and Payne v. Saul, 2020 WL 4015609, at *5 (E.D.Wisc. July 16, 2020) (SSR 18-3p did not apply because the ALJ never determined that the claimant would be disabled but for his noncompliance)); see also Thomas M. v. Kijakazi, 2022 WL 18788, at *11 (D.S.C. Jan. 3, 2022).

Defendant asserts that the ALJ considered the reports of Plaintiff's noncompliance and poor self-monitoring of blood sugars and eating habits, along with "all the other evidence of record, including medical examinations and medical opinions." (Document No. 13, p. 8) (citing Tr. 19-22). According to Defendant, the "ALJ did not solely rely on medical noncompliance to deny benefits and therefore committed no error with respect to SSR 18-3p." (Document No. 13, p. 9) (citations omitted).

Next, Plaintiff argues that even "where noncompliance analysis under SSR 18-3p is not warranted . . . the ALJ must still consider psychological reasons why claimant may be noncompliant with treatment where noncompliance is discussed in the decision." (Document No. 11, p. 9) (citing SSR 16-3p). Plaintiff contends that the "Commissioner bears the burden of establishing unjustified medical noncompliance." (Document No. 11, pp. 11, 19-20) (citing Preston v. Heckler, 769 F.2d 988, 990-91 (4th Cir. 1985) ("***if* noncompliance is to be a basis for denying benefits**, the Secretary must develop a record establishing by substantial evidence that the claimant's impairment is reasonably remediable by the particular individual involved….")) (Emphasis added).

In response, Defendant argues that the ALJ complied with SSR 16-3p. (Document No. 13, p. 11). Defendant contends that the ALJ was not required to "go looking for any possible reason the claimant might not have complied with medical treatment and then refute it when the record does not show the claimant alleged reasons supporting good cause for noncompliance." Id. (citing SSR 16-3p). Defendant notes that although Plaintiff did "not argue difficulty paying for her medication," . . . "the ALJ explained that he considered the socio-economic barriers to affording diabetes medication." (Document No. 13, p. 12) (citing Tr. 19). Defendant concludes that the ALJ committed no error because "[a]bsent something in the record indicating that Plaintiff alleged

good cause for failure to comply, SSR 16-3p did not require the ALJ to provide any further explanation." Id.

## CONCLUSION

In short, the undersigned finds the ALJ decision to be thorough and supported by substantial evidence. (Tr. 11-25).

The undersigned is not persuaded that Plaintiff's purported noncompliance impacted the ALJ's finding that Plaintiff was not disabled, or that even if the ALJ had found Plaintiff to be noncompliant during the relevant time period it would have changed his decision. As noted above, the ALJ actually found Plaintiff to be "mostly compliant" and specifically noted later in the decision that "claimant attends therapy and takes medications, including Paxil to help manage her symptoms." (Tr. 20) (citing Tr. 2383). The decision also notes that on a typical day Plaintiff "makes breakfast, **takes her medicine**, cleans house, eats lunch, **takes her medicine**, and cooks supper." Id. (Emphasis added). Contrary to Plaintiff's arguments, it does not appear that noncompliance was a basis for the denial of benefits.

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will direct that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that: Plaintiff's "Motion For Summary Judgment" (Document No. 10) is **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 12) is **GRANTED**; and the Commissioner's determination is **AFFIRMED**.

**SO ORDERED**.

Signed: February 8, 2023

David C. Keesler
United States Magistrate Judge